**Entered on Docket
December 28, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



The following constitutes the order of the Court.
Signed: December 27, 2023

_____
**William J. Lafferty, III
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Donald James Runnals,<br><br>    Debtor. | Case No. 23-41137 WJL<br><br>Chapter 7 |

**MEMORANDUM REGARDING DEBTOR'S OBJECTION
TO CHAPTER 7 TRUSTEE'S REPORT**

    On September 8, 2023, pro se Debtor Donald James Runnals ("Debtor") filed a Chapter 7 Voluntary Petition. (Dkt. #1). After two continuances caused by Debtor's failure to provide some required documents, Debtor's meeting of creditors (the "341 Meeting") was held on November 7, 2023, and a full examination of Debtor was completed.

    The following day, the Chapter 7 Trustee (the "Trustee") entered a Report of No Distribution attesting that there was no property available for distribution from the estate and certifying that the Debtor's estate has been fully administered (the "Trustee's Report"). On December 13, 2023, the Court entered an Order Discharging Chapter 7 Debtor and Final Decree, and the case was subsequently closed. All of these events are entirely commonplace in an individual Chapter 7 case.

On December 14, 2023, Debtor filed an objection to the Trustee's Report seeking "clarification of the contents of [sic] Trustee's Report" (the "Objection") without providing any legal basis for the relief requested. (Dkt. #26 at 1).

The Objection, while purporting to find the Trustee's Report opaque, is itself unintelligible. The Court reviewed the Trustee's Report and finds that it is not only clear and concise, in light of the circumstances, but also in compliance with Fed. R. Bankr. P. (FRBP) 5009(a). Further, the Court assumes that Debtor's 341 Meeting was conducted in accordance with the relevant rules and procedures and that Debtor was afforded an opportunity to ask any questions relevant to the administration of Debtor's estate. More importantly, the Court currently has no authority to consider any requests for relief because the case is presently closed.

Assuming, *arguendo*, that Debtor had provided sufficient grounds for the purported relief requested, Debtor's Objection is untimely under FRBP 5009 as it was not filed within 30 days of the filing of the Trustee's Report. Therefore, Debtor failed to overcome the presumption that the estate has been fully administered.

The Court finds no basis to sustain the Objection or to take any further action in this properly-administered and appropriately-closed case.

**\*\*END OF MEMORANDUM\*\***

## COURT SERVICE LIST

**Donald James Runnals**

9 Middle Rd.

Lafayette, CA 94549